IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

CHRISTOPHER CAMPBELL,      )      Civ. No. 17-00138 SOM-KJM
                          )
          Plaintiff,      )      ORDER GRANTING DEFENDANT
                          )      DEPARTMENT OF HUMAN SERVICES,
          vs.             )      STATE OF HAWAII'S MOTION FOR
                          )      PARTIAL JUDGMENT ON THE
DEPARTMENT OF HUMAN SERVICES, )  PLEADINGS
STATE OF HAWAII; DOE PERSONS )
1-10; DOE PARTNERSHIPS 1-10; )
DOE CORPORATIONS 1-10; ROE  )
"NON-PROFIT" CORPORATIONS 1- )
10; AND ROE GOVERNMENTAL    )
ENTITIES 1-10,             )
                          )
          Defendants.      )
_____  )

**ORDER GRANTING DEFENDANT DEPARTMENT OF HUMAN SERVICES, STATE OF
HAWAII'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**I.      INTRODUCTION.**

        Plaintiff Christopher Campbell has asserted employment

discrimination, hostile work environment, and whistleblower

claims against Defendant Department of Human Services, State of

Hawaii ("DHS"), and unnamed Doe/Roe defendants.  DHS moves for

partial judgment on the pleadings, arguing that it has Eleventh

Amendment immunity with respect to all state law claims and that

the whistleblower claim, brought under state law, and the

hostile work environment claim, to the extent based on a

violation of state law, should therefore be dismissed with

prejudice.[1]  Determining that the Eleventh Amendment bars

Campbell's state law claims against DHS, this court grants DHS's

motion and dismisses the state law claims with prejudice.

## II.        **BACKGROUND.**

Campbell was employed by DHS as a Vocational

Rehabilitation Specialist in Hilo, Hawaii, starting in June

2008.  *See* ECF No. 1, PageID # 4.  In the Complaint in the

present case, filed on March 29, 2017, Campbell alleges that,

while employed by DHS, he was subjected to "a discriminatory,

hostile work environment" based on being African-American.  *Id.*

at 5.  He alleges that he was denied promotions, yelled at and

mocked by his supervisor, falsely accused of several acts such

as stealing from co-workers and threatening his supervisor, and

treated differently from co-workers who were not African-

American.  *See id.* at 5-10.  Campbell also alleges that DHS did

not thoroughly investigate his complaints of racial

discrimination and did not discipline co-workers who used racial

---

[1] Campbell's employment discrimination claim, asserted in Count
I, appears to be premised on federal law only.  Although in
Count III Campbell does refer to Haw. Rev. Stat. § 378-2, which
addresses employment discrimination under state law, Count III
appears to be a state whistleblower claim premised on Haw. Rev.
Stat. §§ 378-61 and 378-70, rather than a direct employment
discrimination claim brought under section 378-2 and seeking
relief under Haw. Rev. Stat. § 378-13.  The present order
therefore does not address any section 378-2 claim.  However,
even if Campbell's Complaint could be read as pleading a section
378-2 claim, that claim would be barred under the same reasoning
articulated here with respect to sections 378-61 and 378-70.

slurs and other offensive language.  *See id.* at 8-10.  He alleges that, when he reported this discriminatory treatment to his Hawaii State Senator and the Hawaii State Ethics Commission, DHS retaliated against Campbell and suspended him without pay for pretextual reasons.  *See id.* at 10-14.

Campbell asserts three claims against DHS: (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e-17; (2) a hostile work environment; and (3) retaliation against him as a whistleblower, in violation of Chapter 378 of Hawaii Revised Statutes.  *See id.* at 15-21.  Campbell does not specify whether the hostile work environment claim is brought under Title VII or state law; the court assumes for purposes of this order that Campbell is proceeding under both.  He seeks "general and special damages, including but not limited to reinstatement, an award of back pay, fringe benefits, senior and overtime and front pay," as well as compensatory damages, costs and attorney's fees, and pre- and post-judgment interest.  *Id.* at 21.

DHS now moves for partial judgment on the pleadings. ECF Nos. 17, 67.  Trial is currently set for July 9, 2019.  *See* ECF No. 63.

**III.       STANDARD OF REVIEW.**

Rule 12(c) of the Federal Rules of Civil Procedure states, "After the pleadings are closed--but early enough not to

delay trial--a party may move for judgment on the pleadings."
The standard governing a Rule 12(c) motion for judgment on the
pleadings is "functionally identical" to that governing a motion
to dismiss under Rule 12(b)(6) of the Federal Rules of Civil
Procedure. *United States ex rel. Caffaso v. Gen. Dynamics C4
Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *accord Pit
River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th
Cir. 2015) ("Analysis under Rule 12(c) is 'substantially
identical' to analysis under Rule 12(b)(6) because, under both
rules, a court must determine whether the facts alleged in the
complaint, taken as true, entitle the plaintiff to a legal
remedy.").

With a Rule 12(c) motion, the allegations of the
nonmoving party are accepted as true, while the allegations of
the moving party that have been denied are assumed to be false.
*See Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d
1542, 1550 (9th Cir. 1989). A court evaluating a Rule 12(c)
motion must construe factual allegations in a complaint in the
light most favorable to the nonmoving party. *Fleming v.
Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the
pleadings is properly granted when, accepting all factual
allegations as true, there is no material fact in dispute, and
the moving party is entitled to judgment as a matter of law."
*Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)

(quotation marks and citation omitted); *accord Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011).

Generally, when matters outside the pleadings are considered, a motion for judgment on the pleadings must be considered as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d). However, when adjudicating a Rule 12(c) motion, a court may consider matters subject to judicial notice without converting the motion to one for summary judgment. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that are contained in materials of which the court may take judicial notice." (quotation marks omitted)).

## IV.     ANALYSIS.

### A.    Under the Eleventh Amendment, DHS Is Immune from Suit for Monetary Damages and Other Retrospective Relief Unless an Exception Applies.

In its motion for partial judgment on the pleadings, DHS argues that the Eleventh Amendment bars Campbell's state law claims. *See* ECF No. 67-3, PageID #s 291-92. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States

5

by Citizens of another State, or by Citizens or Subjects of any
Foreign State." U.S. Const. amend. XI. Under the Eleventh
Amendment, a state is immune from lawsuits for monetary damages
or other retrospective relief brought in federal court by its
own citizens or citizens of other states. *Frew ex rel. Frew v.
Hawkins*, 540 U.S. 431, 437 (2004); *Papasan v. Allain*, 478 U.S.
265, 276 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465
U.S. 89, 100, 105-06 (1984). Federal court actions against
agencies or instrumentalities of a state are also barred by the
Eleventh Amendment. *Sato v. Orange Cty. Dep't of Educ.*, 861
F.3d 923, 928 (9th Cir. 2017); *Blount v. Sacramento Cty.
Superior Court*, 559 F. App'x 623, 623 (9th Cir. 2014). Eleventh
Amendment immunity does not apply if Congress exercises its
power under the Fourteenth Amendment to override Eleventh
Amendment immunity, or if a state unequivocally waives sovereign
immunity or consents to federal suit. *See Will v. Mich. Dep't
of State Police*, 491 U.S. 58, 66-68 (1989).

DHS, as an agency of the state, is immune from claims
for monetary damages and other retrospective relief unless an
exception to Eleventh Amendment immunity applies. The Supreme
Court has made clear that Congress abrogated the Eleventh
Amendment with respect to Title VII claims. *See Fitzpatrick v.
Bitzer*, 427 U.S. 445, 455-56 (1976); *accord Cerrato v. S.F.
Cmty. Coll. Dist.*, 26 F.3d 968, 976 (9th Cir. 1994). DHS is

therefore not immune with respect to Campbell's Title VII racial discrimination claim and his hostile work environment claim, to the extent that claim is brought under Title VII.

Thus, the question for this court is whether an exception to Eleventh Amendment immunity applies to the remaining non-Title VII claims--*i.e.*, the whistleblower claim and the hostile work environment claim, to the extent that claim is brought under state law.  As discussed below, Campbell advances four arguments as to why Eleventh Amendment immunity does not apply to these claims.  Finding none of these arguments persuasive, this court grants DHS's motion.

**B.    Campbell's State Law Claims Seek Monetary Damages, Which Are Barred by the Eleventh Amendment.**

As mentioned above, under the Eleventh Amendment, a state is immune from lawsuits for monetary damages or other retrospective relief brought in federal court by its own citizens.  The Eleventh Amendment does not apply to claims for prospective injunctive relief.  *See Edelman v. Jordan*, 415 U.S. 651, 664-67 (1974) (holding that the Eleventh Amendment did not bar an injunction requiring Illinois to comply with federal standards for processing welfare applications in the future).

Campbell appears to argue that the Eleventh Amendment does not apply because he seeks prospective injunctive relief. *See* ECF No. 77, PageID # 360.  However, his complaint states

that he is seeking various types of monetary damages: "general and special damages, including but not limited to reinstatement, an award of back pay, fringe benefits, senior and overtime and front pay," as well as compensatory damages, costs and attorney's fees, and pre- and post-judgment interest. ECF No. 1, PageID # 21.

To the extent Campbell is arguing that "reinstatement" constitutes prospective injunctive relief, this argument is unavailing. "In discerning whether the relief sought is prospective or retroactive for purposes of the Eleventh Amendment bar, we must analyze the substance, not the form, of the relief." *Native Vill. Of Noatak v. Blatchford*, 38 F.3d 1505, 1512 (9th Cir. 1994) ("Although Noatak has framed its request for payment of the $611 as prospective injunctive relief, in substance, Noatak seeks retroactive monetary relief."). Campbell's Complaint prays for general and special damages "*including* . . . reinstatement." ECF No. 1, PageID # 21 (emphasis added). This suggests that he considers such reinstatement to be a form of damages, not injunctive relief. Moreover, the absence of any allegation in Campbell's Complaint that he was actually or constructively fired or demoted by DHS raises the question of whether "reinstatement" is even applicable. *See* ECF No. 1. This court cannot even tell from the record whether Campbell has anything to be "reinstated" to.

Paragraph 70 of the Complaint is the last paragraph in the section of the Complaint stating background facts, and it indicates that Campbell's work credit card was returned to him in August 2016. *See id.*, PageID # 14. In opposing the present motion, Campbell submits a letter dated July 20, 2018, referring to his request for on-the-job medical accommodations, again suggesting his continued employment as a Vocational Rehabilitation Specialist III. *See* ECF No. 77-5.

Because Campbell's Complaint is most appropriately understood as seeking monetary damages against DHS, Eleventh Amendment immunity applies.

> **C.    In Enacting Section 378-70, the State of Hawaii Did Not Consent to Federal Suit Under Chapter 378.**

Eleventh Amendment immunity does not apply when a state unequivocally consents to suit. *Pennhurst*, 465 U.S. at 99. Campbell argues that "[t]he Hawaii State Legislature specifically intended to consent to federal jurisdiction in [w]histleblower cases involving public employees" when it enacted section 378-70 in 2011. *See* ECF No. 77, PageID #s 355-59.

Section 378-70 provides in full:

> (a) In addition to any other protections under this part, a public employer shall not discharge, threaten, or otherwise discriminate against a public employee regarding the public employee's

> compensation, terms, conditions, location,
> or privileges of employment because the
> public employee, or a person acting on
> behalf of the public employee, reports or is
> about to report to the public employer or a
> public body, verbally or in writing:
>
>> (1) Any violation or suspected
>> violation of a federal, state, or
>> county law, rule, ordinance, or
>> regulation; or
>>
>> (2) Any violation or suspected
>> violation of a contract executed by the
>> State, a political subdivision of the
>> State, or the United States,
>
> unless the employee knows that the report is
> false.
>
> (b) Every public employer shall post notices
> pertaining to the application of sections
> 378-70 and 396-8(e), as shall be prescribed
> by the department of labor and industrial
> relations, in conspicuous places in every
> workplace.

Nothing in the plain language of section 378-70, or elsewhere in the State of Hawaii's Whistleblowers' Protection Act, demonstrates the State's express consent to federal suit. *See* Haw. Rev. Stat. §§ 378-61 to 378-70.

Campbell focuses on the language protecting public employees who report violations of "a federal . . . law, rule, . . . or regulation." ECF No. 77, PageID #s 356-57. However, the mere mention of federal law is not equivalent to express consent to suit in federal court. *See Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001) ("Statutes or constitutional provisions

10

expressing a general waiver of sovereign immunity, without expressly subjecting the state to suit in *federal* court, do not waive Eleventh Amendment immunity."). Additionally, the Whisteblowers' Protection Act specifically provides that an aggrieved public employee may bring a civil action in "circuit court for the circuit where the alleged violation occurred, where the complainant resides, or where the person against whom the civil complaint is filed resides or has a principal place of business"--not in federal court. Haw. Rev. Stat. § 378-63(b).

Nor does the legislative history of section 378-70 show that the State of Hawaii intended to consent to federal suit for whistleblower claims. Both parties attached legislative history materials to their briefing on this motion. *See* ECF Nos. 77-3, 77-4, 77-5, 79-2, 79-3, 79-4. These materials indicate that the state legislature intended to provide additional protection to public employees by expanding (1) the types of employees who could pursue whistleblower claims, (2) the types of reports that would constitute whistleblowing, and (3) the responsibilities of the State of Hawaii's Department of Labor and Industrial Relations with respect to whistleblowing. *See, e.g.*, ECF No. 77-4, PageID # 382 ("The purpose and intent of this measure is to: (1) Provide additional protection to public employees who report violations of the law in state or local government or of

11

government contracts; and (2) Expand the Department of Labor and Industrial Relations' responsibilities regarding whistleblowers."). Nowhere does the legislature suggest that such whistleblower claims were intended to be litigated in federal court.

Campbell notes that section 378-70 was passed after a federal court decision in *Bolla v. Univ. of Hawaii*, Civ. No. 09-00165 SPK-LEK, 2009 WL 10676971 (D. Haw. Oct. 8, 2009). *See* ECF No. 77, PageID #s 357-58. In *Bolla*, the plaintiff argued that the State of Hawaii had waived sovereign immunity with respect to a claim against the University of Hawaii brought under the Whistleblowers' Protection Act because suits against the University of Hawaii were allowed under Haw. Rev. Stat. § 304A-108. *See* 2009 WL 10676971, at *4. The court held that any waiver "must be unequivocal and express" and that the statute "did not expressly give consent to be sued in *federal* court." *Id.* (citing *Actmedia, Inc. v. Stroh*, 830 F.2d 957, 963 (9th Cir. 1986), *overruled on other grounds by Retail Dig. Network, LLC v. Appelsmith*, 810 F.3d 638, 650 (9th Cir. 2016)). Campbell argues that, because *Bolla* did not find a waiver of Eleventh Amendment immunity, "[i]t would lead to an absurd result[] to suggest that the Legislature adopted a second, identical statute with the only difference being the inclusion of 'public employees.'" ECF No. 77, PageID # 358. This court fails to see any absurdity.

Section 378-70 was not identical to prior whistleblower statutes; it expanded whistleblower protections to public employees by providing greater avenues to state court. The legislative history does not mention *Bolla*, and no court has held that section 378-70 superseded the holding in *Bolla*.

Waiver of Eleventh Amendment immunity requires that the state make a "clear declaration that it intends to submit itself to [federal] jurisdiction." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (internal quotation marks and citation omitted). The enactment of section 378-70 was not a clear declaration by the State of Hawaii of consent to federal suit.

### D. DHS Has Not Waived Eleventh Amendment Immunity in Litigating This Case.

Campbell argues that DHS expressly waived Eleventh Amendment immunity when it "voluntarily appeared in this matter, submitted to the court's jurisdiction, conducted discovery, [participated in] depositions and stipulated to continuing the trial in this matter, twice." ECF No. 77, PageID # 362.

Campbell is correct that a delay in raising Eleventh Amendment immunity as an affirmative defense may be deemed a waiver of that defense. "If a state or state agency elects to defend on the merits in federal court, it should be held to that choice the same as any other litigant." *Hill v. Blind Indus. &*

*Servs. of Md.*, 179 F.3d 754, 758 (9th Cir. 1999). "To permit a defendant to litigate the case on the merits, and then belatedly claim Eleventh Amendment immunity to avoid an adverse result, would work a virtual fraud on the federal court and opposing litigants." *Id.* (internal quotation marks and citation omitted) (finding Eleventh Amendment immunity waived when the defendant "wait[ed] until the first day of trial before objecting to the federal court's jurisdiction on Eleventh Amendment grounds"). Thus, Eleventh Amendment immunity "must be raised 'early in the proceedings' to provide 'fair warning' to the plaintiff." *Demshki*, 255 F.3d at 989 (quoting *Hill*, 179 F.3d at 761).

On May 26, 2017, DHS filed its Answer to Campbell's Complaint, raising the defense that "the claims are barred by the State's Eleventh Amendment immunity and sovereign immunity." ECF No. 17, PageID # 77. The Ninth Circuit has previously held that a plaintiff is "timely provided . . . with fair notice" if a defendant has "rais[ed] Eleventh Amendment immunity as an affirmative defense in its answer." *Id.* Further, this case is still in its early stages, given the parties' stipulations to continue trial and to extend pretrial filing deadlines. *See* ECF Nos. 32, 61. Although discovery has begun, Campbell has not identified any DHS conduct that is inconsistent with its position that Campbell's state law claims are barred by the Eleventh Amendment.

Having provided Campbell with timely notice of its intent to raise Eleventh Amendment immunity as a defense, DHS cannot be said to have waived sovereign immunity.

**E.    Ancillary Jurisdiction Does Not Override Eleventh Amendment Immunity.**

Finally, Campbell argues that, even if Eleventh Amendment immunity applies, this court has ancillary jurisdiction over the state law claims because these claims "are substantially or closely related to and from [his] original discrimination claim." *See* ECF No. 77, PageID # 359.  He argues that "[t]he doctrine of ancillary jurisdiction[] recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence that are incidental to other matters properly before them" and that "[t]he core of this proceeding is [DHS's] violation of [Campbell's] civil rights." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378–79 (1994)).

Campbell incorrectly invokes ancillary jurisdiction. Ancillary jurisdiction cannot override Eleventh Amendment immunity. *See Oneida Cty., NY v. Oneida Indian Nation of New York State*, 470 U.S. 226, 251 (1985) ("Neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." (quoting *Pennhurst*, 465 U.S. at 121)). "The Eleventh Amendment forecloses . . . the application of normal principles of ancillary and pendent jurisdiction where

claims are pressed against the State," and the primary jurisdictional question is whether the Eleventh Amendment applies. *See id.* If it does, "whether the State has consented to waive its constitutional immunity is the critical factor in whether the federal courts properly exercise[] ancillary jurisdiction." *Id.* As discussed above, there is no indication that DHS has waived its Eleventh Amendment immunity. This court therefore does not engage in any further analysis of ancillary jurisdiction.

*Kokkonen* does not support Campbell's argument. In *Kokkonen*, the Supreme Court stated, "Generally speaking, we have asserted ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." 511 U.S. at 379-80 (internal citations omitted). The Court in *Kokkonen* did not hold that ancillary jurisdiction limits Eleventh Amendment immunity and, in fact, emphasized the "concept of limited federal jurisdiction" to hold that ancillary jurisdiction did not apply to the state law claims at issue. *See id.* at 381.

This court does not have ancillary jurisdiction over any state law claim that is barred by the Eleventh Amendment.

**V.      CONCLUSION.**

The Eleventh Amendment bars Campbell's state law claims against DHS.  This court therefore grants DHS's motion for partial judgment on the pleadings.  Campbell's state law claims against DHS are dismissed with prejudice, and this matter will proceed on his remaining Title VII claim.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 2, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Christopher Campbell v. Department of Human Services, State of Hawaii, et al., Civ. No. 17-00138 SOM-KJM; ORDER GRANTING DEFENDANT DEPARTMENT OF HUMAN SERVICES, STATE OF HAWAII'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS.